**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**AARON RILEY,**

    Petitioner,

v.                                        **Civil Action No.   2:08CV95
                                                     Crim. Action No.  2:04CR11
                                                     (BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

**I.    Introduction**

On this day, the above-styled matter came before this Court upon consideration of the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull. Pursuant to Standing Order No. 2, this action was referred to Magistrate Judge Kaull for submission of a report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on February 3, 2009 [Crim. Doc. 177]. In that filing, the magistrate judge recommended that this Court dismiss this § 2255 petition [Crim. Doc. 140 / Civ. Doc. 1] with prejudice.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due within ten (10) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on February 5, 2009. See Crim. Doc. 178. The petitioner filed Objections [Doc. 179] and Amended Objections [Doc. 183] to the R&R on February 10, 2009, and February 23, 2009, respectively. Accordingly, this Court will review those portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions will be reviewed for clear error.

## II.     Factual and Procedural Background

On September 22, 2008, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The petition represents another attempt, in a long line of motions, declarations, writs, appeals and other documents, that the petitioner has made to challenge the Court's jurisdiction to prosecute him in his underlying criminal case. In essence, the petitioner has argued throughout his criminal proceedings that he is not subject to the general venue jurisdiction of any Court of the United States because he is a member of the Emperial Washitaw Nation of the Empire Washitaw de Dugdahmoundyah. In other words, the petitioner claims that because of this affiliation, he can commit crimes with impunity. The petitioner's second argument asserts that counsel was ineffective for failing to present the above arguments, first to the district court, and then on appeal.

Through his persistent efforts, the issue of the petitioner's nationality and this Court's jurisdiction to prosecute him has been addressed numerous times by the sentencing court and the appellate court. On December 9, 2004, the petitioner filed a Declaration of Nationality wherein he first raised this issue in his criminal proceedings. At that same time, the petitioner's counsel moved to withdraw from the case. According to the petition, counsel requested to withdraw from representing the petitioner because to present his nationality argument to the Court would be unethical. See Doc. 1 at 7. Therefore, the Court appointed new counsel, Federal Public Defender Brian Kornbrath, for the express purpose of evaluating the petitioner's nationality defense.

On March 18, 2005, counsel filed a memorandum in which he found that there was no legal basis for the petitioner's nationality claim. In fact, counsel determined that similar claims made by other defendants had been found frivolous. Not satisfied, the petitioner filed a notice informing the Court that he was terminating Mr. Kornbrath's representation. Thus, the Court granted the petitioner's motion to represent himself.

At the petitioner's pre-trial hearing, the Court fully addressed the defendant's nationality-based general jurisdiction defense and found it to have no legal or factual validity. Accordingly, the petitioner's trial began on May 22, 2006, where the petitioner was again represented by the Federal Public Defender. The Court granted the petitioner judgment of acquittal as to Count One, but a jury found the petitioner guilty of the remaining counts.

After his conviction, the petitioner raised his nationality-based general jurisdictional defense in several post-conviction motions. Those motions were denied as frivolous and

the petitioner was sentenced on November 16, 2006, to a total sentence of 33 months imprisonment. The petitioner filed a notice of appeal on November 20, 2006. In his appellant brief, the petitioner raised one issue for appeal, "insufficient evidence to support Riley's conviction for Court Five of the Indictment, Charging Illegal Use of a Communication Facility to Distribute Drugs on April 7, 2003."

During the pendency of his appeal, the petitioner again filed several post-conviction motions seeking relief from his conviction based on his nationality-based general jurisdiction defense. Included in those filings were the petitioner's first motion to vacate his sentence under 28 U.S.C. § 2255, a Petition for Declaration of Nationality, a Petition for Declaratory Statement under 28 U.S.C. § 2201 and a Petition for Writ of Error Coram Nobis. In each of these post-conviction pleas, the petitioner claimed that the Court did not have jurisdiction to prosecute him and that counsel was ineffective for failing to put forth his nationality-based general jurisdiction defense. Each of these requests for relief was denied in March 2007. Notably, the petitioner's first § 2255 motion was dismissed without prejudice pursuant to the petitioner's request.

The petitioner appealed the denial of his motions for post-conviction relief to the Fourth Circuit Court of Appeals. The Order denying petitioner relief was affirmed on appeal.

On April 25, 2008, the Fourth Circuit Court of Appeals issued an opinion on the petitioner's direct appeal. In that order, the Fourth Circuit reversed the petitioner's phone count conviction in Count five and remanded for resentencing. However, the petitioner's convictions on Counts Two, Three and Four were affirmed. On June 12, 2008, the

petitioner's Judgment and Commitment Order was amended, and he was resentenced in accordance with the ruling of the Fourth Circuit.

Thereafter, the petitioner has continued to file numerous other post-conviction documents which seek relief from his sentence under his nationality-based general jurisdiction defense. Each of these motions has been denied as frivolous. The instant § 2255 motion again raises the same arguments already deemed frivolous by this Court and the Fourth Circuit Court of Appeals. Following entry of the R&R, the petitioner filed two additional motions. See Docs. 225 & 227.

### III. Applicable Law

In **Kaufman v. United States**, 394 U.S. 217, 227, n. 8 (1969), the Supreme Court held that a district court has the discretion to refuse to reach the merits of a constitutional claim that had already been raised and resolved against the prisoner at trial and on direct review. See also **Olmstead v. United States**, 55 F.3d 316, 319 (7th Cir. 1995) ("Although res judicata does not apply in section 2255 proceedings, the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior section 2255 proceedings.") (internal quotations omitted). In other words, a convicted defendant may not relitigate claims in a § 2255 motion that were previously decided on their merits, unless the factual or legal circumstance of the case has changed significantly. **Withrow v. Williams**, 507 U.S. 680, 721 (1993) ("[a] prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim"); **United States v. Kraemer**, 810 F.2d 172, 177 (8th Cir. 1987); **United States v. Orejuela**, 639 F.2d 1055, 1057 (3d Cir. 1981); **Vernell v. United States**, 559 F.2d 963, 964 (5th Cir. 1977); **United**

*States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977); ***Boeckenhaupt v. Untied States***, 537 F.2d 1182 (4th Cir.), *cert. denied*, 429 U.S. 863 (1976). Nonetheless, "[e]ven where a federal prisoner continues to raise the same issue by filing repetitive petitions pursuant to 28 U.S.C. § 2255, the reviewing judge may not perfunctorily deny the later ones solely on the doctrine of *res judicata*. It is open to the applicant to show that the ends of justice would be served by permitting redetermination of the ground." ***Lauchli v. United States***, 405 U.S. 965, n. 3 (1972) (quoting ***Sanders v. United States***, 373 U.S. 1, 16 (1963) (quotations omitted).

**IV.    Discussion**

In his Objections, the petitioner continues to raise arguments which have been thoroughly addressed and repeatedly denied. In his first objection, the petitioner again raises his nationality arguments. In this case, the petitioner has previously and unsuccessfully raised the issue of his nationality-based general jurisdiction defense, including his argument that the Court violated his due process rights by not evaluating his nationality claim properly. Moreover, in his present petition, the petitioner fails to allege any factual or legal change that might warrant reconsidering this issue. Thus, this issue should not be relitigated in the instant § 2255 proceeding. Accordingly, this objection is **OVERRULED**.

In his second objection, the petitioner again raises his claims for ineffective assistance of counsel. As to the petitioner's claims of ineffective assistance of counsel, the petitioner must prove that counsel's performance "fell below an objective standard of reasonableness" and that counsel's deficient performance prejudiced his defense.

6

*Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Here, the petitioner requested that his original counsel, Christine Stump, present his nationality-based general jurisdiction defense to the Court.  The petitioner claims that "no lawyer would help prosecute the declaration of nationality;" however, although Ms. Stump found that doing so would be unethical, and requested permission to withdraw, she nevertheless presented the petitioner's Affidavit of Nationality on his behalf.  Despite these efforts, the petitioner expresses that "[i]t is my view that withdrawl (*sic*) from representation due to 'lack of good faith' and it being 'unethical' to prosecute are unexcusable (*sic*) and are direct violation of the U.S. Constitution."  This Court finds the above to be a gross misstatement of the law; accordingly, this objection is **OVERRULED**.

Similarly, the petitioner argues that the Federal Public Defender should have pressed this issue on appeal.  However, when specifically asked to brief the merits of this issue before trial, Mr. Kornbrath found that the defense was frivolous.  The sentencing court agreed.  Thus, Mr. Kornbrath could not, ethically, present such an issue on appeal.  Therefore, neither the actions of Ms. Stump nor Mr. Kornbrath were deficient, and the petitioner's ineffective assistance of counsel claim should be denied.

Even assuming, *arguendo*, that counsel was deficient for not presenting the petitioner's nationality issue as requested, the petitioner fails to show that he was prejudiced by those actions.  The sentencing Court found the petitioner's nationality-based general jurisdiction to be frivolous, and the Fourth Circuit Court of Appeals has upheld this Court's denial of that defense on many occasions.  Accordingly, these objections must be **OVERRULED**.

In his final objection, the petitioner cites various case law for which he claims stand for the proposition that nationality claims fall under the jurisdiction of the Courts of Appeals. To the extent that the Fourth Circuit Court of Appeals has previously affirmed this Court's rulings on this issue throughout the petitioner's long string of post-conviction filings, this objection is **OVERRULED**.

**V.    Conclusion**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's **Opinion/Report and Recommendation [Crim. Doc. 177]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  As such, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** the petitioner's § 2255 petition **[Crim. Doc. 140 / Civ. Doc. 1]** as frivolous. Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court.  Accordingly, in light of these rulings, the Petition to Show Cause **[Crim. Doc. 225]** and Petition for a Three Judge Panel **[Crim. Doc. 227]** are **DENIED AS MOOT**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as the petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** December 6, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE